UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

RICKY ALLEN PRICE, JR.            )
                                  )
v.                                )      NO. 3:05-cv-108
                                  )      (Cr: 3:02-CR-160)
UNITED STATES OF AMERICA          )

MEMORANDUM and ORDER

Ricky Allen Price, Jr., has filed a motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. In 2004, the petitioner pled guilty to and was convicted of one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). For this offense, he received a 108-month and 1-day sentence, to be followed by three years of supervised release. He did not appeal, but now brings this § 2255 motion to vacate, asserting three grounds for relief: 1) that his sentence was based on facts neither admitted by him or found by a jury, in violation of the Sixth Amendment to the United States Constitution; 2) that his criminal history was erroneously calculated; and 3) that he was sentenced under mandatory sentencing guidelines, also in violation of the Sixth Amendment. However, for the reasons stated below, the United States Attorney shall not be required to file an answer or other pleading to the motion, and the motion will be **DENIED**.

Though the petitioner does not cite to the case, his first and third claims are based upon the holding in *United States v. Booker*, 543 U.S. 220 (2005), one of a series of cases following *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which includes *Blakely v.*

*Washington*, 542 U.S. 296 (2004).[1]

The petitioner was sentenced in May of 2004, under the United States Sentencing Guidelines, and *Booker* was decided on January 12, 2005—some eight months later. These dates are important, because the Sixth Circuit has now held that the rule in *Booker* does not apply collaterally to a federal defendant whose conviction is final at time of the rule's pronouncement. *See Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.2005).[2]

Here, the petitioner took no direct appeal and, thus, his conviction was final, at the latest, ten days after May 24, 2004 (i.e.,the date his criminal judgment was docketed, which triggered the 10-day period for filing a notice of appeal). *See Sanchez-Castellano v. United States*, 358 F.3d 424, 427 (6th Cir. 2004) ("[W]hen a federal criminal defendant does

---

[1] In *Blakely*, the Supreme Court held that a state court violated a defendant's Sixth Amendment right to a trial by jury by imposing, under the state's sentencing scheme, a 90-month sentence, based on a judge's determination that the offender had acted with "deliberate cruelty," where the facts admitted in his guilty plea, standing alone, supported a maximum sentence of 53 months. This increase in the penalty beyond the prescribed statutory maximum, based on a judicial determination of facts not found by the jury, violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), which held that "other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490. *Booker* applied the *Blakely* reasoning to the Federal Sentencing Guidelines.

[2] The Sixth Circuit is not alone in this finding. *See United States v. Gentry*, 432 F. 3d 600, 605 (5th Cir.2005) (holding *Booker* does not apply retroactively on collateral review); *Never Misses A Shot v. United States*, 413 F.3d 781, 783-84 (8th Cir. 2005) (same); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005) (same); *Cirilo-Munoz v. United States*, 404 F.3d 527 (1st Cir. 2005) (same); *Guzman v. United States*, 404 F.3d 139, 143-44 (2nd Cir. 2005) (same); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (per curiam) (same); *McReynolds v.United States*, 397 F.3d 479, 481 (7th Cir. 2005) (same).

not appeal to the court of appeals, the judgment becomes final upon the expiration of the period in which the defendant could have appealed to the court of appeals, even when no notice of appeal was filed."). Since the Court is bound by *Humphress*'s express retroactivity finding, the petitioner's *Booker*-based claims cannot serve as a basis of relief in these collateral proceedings, and, therefore, are **DISMISSED**.

    The petitioner's remaining claim is that the probation officer erroneously counted a state misdemeanor as a felony in calculating the petitioner's criminal history. This purported error could have raised at sentencing or on appeal, had the petitioner chosen to appeal. An alleged error which could have been asserted on direct appeal but was not, is considered procedurally defaulted, and a petitioner must demonstrate both "cause" for his failure to previously raise the issue and "actual prejudice" resulting from his failure to present the claim on direct appeal. *United States v. Frady,* 456 U.S. 152, 167-68 (1982); *Elzy v. United States*, 205 F.3d 882, 884 (6th Cir. 2000). The petitioner offers nothing by way of cause or prejudice to excuse his failure to raise this claim earlier, and federal review is now barred.[3]

    Moreover, even if this issue had not been waived or procedurally defaulted, it is conclusory, since the petitioner does not identify the misdemeanor conviction which purportedly was counted as a felony in his criminal history determination. Thus, this allegation which is not supported by proof or any reference to such proof is legally

---

[3] Indeed, the petitioner may have waived his right even to file this § 2255 motion by means of the provision in the plea agreement he signed, which waived this statutory right.

3

Case 3:05-cv-00108 Document 3-1 Filed 08/31/06 Page 3 of 5 PageID #: 3

insufficient to sustain a review. *See, e. g., Short v. United States*, 504 F.2d 63, 65 (6th Cir.1974) (per curiam).

Third, the petitioner's presentence report clearly refutes his allegation. The PSR shows that the petitioner properly was assessed three criminal history points for each of his three Tennessee felony convictions—aggravated burglary in 1994, for which he received a 3-year sentence of confinement ( PSR, ¶ 41); burglary of a vehicle in 1996, for which he was sentenced to 2-years imprisonment (*Id*., ¶ 49); and robbery in 1996, receiving a 4-year prison sentence (*Id.*, ¶ 50). Under state law, these three convictions were classified as felonies (not misdemeanors), and were counted as such in the PSR. Put simply, the alleged error did not occur: the petitioner's claim of error is groundless.

In accordance with the above reasoning, the Court **FINDS** that it plainly appears that the petitioner is not entitled to relief and, therefore, will **DISMISS** this motion *sua sponte*. *See* Rule 4, Rules Governing Section 2255 Cases.

The petitioner may not appeal a final order in this § 2255 case to the United States Court of Appeals for the Sixth Circuit unless "a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1). Issuance of a certificate of appealability (COA) depends entirely upon whether a petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2). For reasons contained in the opinion, should the petitioner file a notice of appeal, he is **DENIED** a COA, *see* Fed. R. App. P. 22(b), since he has failed to make a substantial showing that "reasonable jurists could

4

debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (citation and further quotation marks omitted).

An order will enter in accordance with this opinion.

ENTER:

                                                s/ Leon Jordan
                                     United States District Judge